**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1958**

LI QIN WANG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A77-944-533)

Submitted:  December 16, 2005        Decided:  January 12, 2006

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Howard T. Mei, LAW OFFICE OF HOWARD T. MEI, Bethesda, Maryland, for
Petitioner.   Peter  D.  Keisler,  Assistant  Attorney  General,
Robert M. Loeb, Scott A. Hershovitz, Office of Immigration
Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Li Qin Wang, a native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming without opinion the ruling of the immigration judge finding Wang removable and denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition for review.

We will reverse a determination denying eligibility for asylum "only if the evidence presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotations omitted). A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). The record reflects that the immigration judge did so in this case. We have reviewed the evidence of record and find that substantial evidence supports the immigration judge's conclusion that Wang failed to establish either past persecution or a well-founded fear of future persecution. Accordingly, we uphold the immigration judge's denial of asylum relief, as affirmed by the Board.

As Wang failed to sustain her burden on the asylum claim, she cannot establish her entitlement to withholding of

removal.  "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)."  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

We also find that substantial evidence supports the immigration judge's finding that Wang fails to meet the standard for relief under the Convention Against Torture.  To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2) (2005).  Wang failed to make the requisite showing before the immigration court.

Therefore, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -